**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000647
20-MAY-2025
08:05 AM
Dkt. 51 SO**

NO. CAAP-22-0000647

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

TIELI WANG AND GUIJUN CHENG,
Petitioners/Appellants-Appellees,
v.
DEPARTMENT OF PLANNING AND PERMITTING,
Respondent/Appellee-Appellant; and
THE ZONING BOARD OF APPEALS, Nominal Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-21-0001470)

## SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Respondent/Appellee-Appellant Department of Planning and Permitting, City and County of Honolulu (**DPP**) appeals from the "Decision and Order Affirming in Part and Reversing in Part the Findings of Fact, Conclusions of Law, and Decision and Order of the Zoning Board of Appeals, Dated November 4, 2021" (**Order**),

and "Appellants' Final Judgment" (**Judgment**), both filed on September 28, 2022, by the Circuit Court of the First Circuit (**circuit court**).[1]

This secondary appeal arises out of a Zoning Board of Appeals of the City and County of Honolulu (**ZBA**) case concerning Tieli Wang and Guijun Cheng's (collectively, **Petitioners**) violation of Revised Ordinances of Honolulu (**ROH**) § 21-5.730(d)(2)(D)[2] (1990)[3] for an "[u]npermitted bed and breakfast or transient vacation unit . . . being advertised for rental periods of less than 30 consecutive days."  The DPP issued a Notice of Violation (**NOV**), dated March 31, 2020, instructing the Petitioners to comply with the NOV within seven days upon receiving the NOV, and warning the Petitioners that noncompliance would result in the issuance of a Notice of Order (**NOO**) imposing civil fines.

The Petitioners did not comply with the NOV, and the DPP subsequently issued an NOO, dated May 26, 2020.  It appears Petitioner Wang received the NOO by certified mail with

---

[1]     The Honorable James H. Ashford presided.

[2]     The Notice of Violation cites this section as § 21-5(d)(2)(D).  Ordinance 19-18 added § 21-5 to the ROH, and it now appears as § 21-5.730 in the 1990 ROH.

[3]     The ROH sections quoted and cited in this summary disposition order are from the 1990 ROH, as amended, which were in effect at the time the Petitioners were given notice of their ordinance violation.

restricted delivery on June 2, 2020.  The NOO stated, in relevant part,

> The [DPP] inspected the above-described structure(s) and/or premises and found a violation of one or more ordinances of the City and County of Honolulu.  As a result, [NOV] No. 2020/NOV-03-133 was issued on March 31, 2020 (copy attached).  Pursuant to the authority granted by the [ROH], you are hereby ordered to:
>
> 1.    Cease and desist immediately any bed and breakfast and/or transient vacation unit activity, and remove the rental solicitation listing from your website.
>
> 2.    Pay a daily fine of $1,000[4] until the violation is corrected.  You are responsible for contacting the inspector . . . to verify the corrective action.
>
>       . . . .
>
> If the order is issued to more than one person, each person shall be jointly and severally liable for the full amount of any fine imposed by the order.
>
> This order shall become final thirty (30) days after mailing.  Before such time, any person affected by this order may file an administrative appeal of any provision in this order. . . .  The failure to appeal this order within the specified time may result in a waiver of the right of appeal.  An appeal does not suspend any provision of the order, including the imposition of the civil fines.

The record reflects that the DPP mailed a letter, dated August 31, 2020, to the Petitioners.  The subject line of this letter referenced the NOV and NOO, and "Outstanding Fine."  It informed the Petitioners that "[a] daily fine of $1,000 is

---

[4]    The $1,000 per day fine was assessed pursuant to ROH § 21-5.730(c)(2)(B) (1990), which states in relevant part,

> If the [transient vacation rental] advertisement is not removed within seven days after receipt of the [NOV], a fine of not less than $1,000 and not more than $10,000 per day will be levied against the owner or operator associated with the bed and breakfast home or transient vacation unit, for each day the advertisement is on public display beyond seven days from the date the [NOV] is received.

being assessed until the violation is corrected," and "[a]s of the date of [the] letter, daily fines in the amount of $96,000 (96 days at $1,000/day) have accrued."

The Petitioners subsequently corrected the violation, which the DPP confirmed through a second letter, dated December 1, 2020 (**Letter**). The Letter stated that "the subject NOV was corrected on September 21, 2020, when a follow-up search revealed that the advertisements associated with the website were removed," and "[a]lthough the violation was resolved, daily fines in the amount of $117,000 (117 days at $1,000/day) are due and owing."

On December 28, 2020, the Petitioners filed an appeal of the NOO and the Letter with the ZBA. The DPP moved to dismiss the appeal, contending that the appeal was untimely as to the NOO, and must be dismissed for lack of jurisdiction with regard to the Letter.

The ZBA issued its "Findings of Fact, Conclusions of Law, and Decision and Order" on November 19, 2021, in which it made the following findings:

> D.   On May 26, 2020, DPP issued [NOO] No. 2020/NOO-146 to Petitioners by mailing the NOO, via the United States Postal Service ("USPS") certified mail with restricted delivery and return receipt requested, to two addresses that DPP determined Petitioners share.
>
> E.   It is DPP's practice to mail one NOO to co-owners that share an address. When co-owners do not share an address, DPP's practice is to mail each owner a separate NOO to their individual address. When co-owners share an address, it is DPP's practice to find

4

service of the NOO on one of the co-owners that share an address adequate.

F.  On June 2, 2020, Mr. Wang signed for NOO No. 2020/NOO-146.

G.  NOO No. 2020/NOO-146 states that the violation must be corrected immediately, orders Petitioners to "[p]ay a daily fine of $1,000 until the violation is corrected," and informs Petitioners that they "are responsible for contacting the inspector . . . to verify the corrective action."

H.  NOO No. 2020/NOO-146 informs Petitioners that the NOO "shall become final thirty (30) days after mailing. Before such time, any person affected by this order may file an administrative appeal of any provision in this order. . . . The failure to appeal this order within the specified time may result in a waiver of the right to appeal."

I.  By letter dated August 31, 2020 and addressed to Mr. Wang and Ms. Cheng ("Lien Warning Letter"), DPP informed Petitioners that the daily civil fines for NOO No. 2020/NOO-146 totaled $96,000 and that DPP would record a lien on their properties if they did not take action to resolve the matter in communication with DPP within thirty days.

.  .  .  .

L.  By letter dated December 1, 2020, DPP informed Petitioners that the civil fines accrued for NOO No. 2020/NOO-146 totaled $117,000 because the NOO was issued on May 26, 2020 and the violation was corrected on September 21, 2020.

M.  Fines for NOO No. 2020/NOO-146 of $1000 per day started accruing on May 27, 2020, and accrued through and including September 20, 2020, which is 117 days, because fines accrue only in full-day increments.

(Citations omitted.)  The ZBA concluded, inter alia, that,

G.  The ZBA does not have jurisdiction over Petitioners' appeal of NOO No. 2020/NOO-146 because Petitioners' appeal was filed nearly seven months after Mr. Wang signed for NOO No. 2020/NOO-146 on June 2, 2020 and therefore is grossly untimely.

H.  The ZBA does not have jurisdiction over Petitioners' appeal of the DPP's December 1, 2020 letter notifying Petitioners of the civil fines accrued for NOO No. 2020/NOO-146 because the letter is not an "action of

> the Director" under Section 22-1 of the ZBA Rules and thus is not appealable to the ZBA.

(Citations omitted.)

The Petitioners appealed to the circuit court pursuant to Hawaii Revised Statutes (**HRS**) § 91-14 (2012). On appeal, the Petitioners contended that the ZBA erred in concluding that it lacked jurisdiction over the Petitioners' case because the Letter was an "[a]ction of the Director," and the Petitioners' appeal was filed within thirty days of the DPP's service of the Letter.[5]

In its Order, the circuit court concluded that:

> 3. The December 1, 2020 Letter was issued by the Deputy Director of the DPP. While the December 1, 2020 Letter largely restates the contents of the NOO, it adds two new determinations by the DPP that had not been previously determined or stated to the [Petitioners]. First, the Deputy Director determined that the subject violation had been corrected on September 21, 2020. Second, it determined that, at the rate of $1,000 per day, the total fine imposed on the [Petitioners] was $117,000. Thus, implicitly and necessarily, the Deputy Director determined that the [Petitioners] had been illegally advertising the subject property for rent for 117 days, continuously and without a single day of interruption. Thus, while some of the contents of the December 1, 2020 Letter had already been determined in the NOO (i.e., the fact of illegal advertisement prior to the NOO, and the imposition of a $1,000 daily fine), the December 1, 2020 Letter constituted a new finding and a new order that the [Petitioners] were in violation for 117 separate and distinct days, leading to the imposition of a $117,000 fine. Therefore, the December 1, 2020 Letter is an "action of the director" under the ZBA Rules, because it is necessarily an "enforcement order pursuant to section 8.60-2 of the Land Use Ordinance" thereunder.

> 4. Insofar as [Petitioners] appealed the December 1, 2020 Letter their appeal was timely. Thus, the ZBA erred,

---

[5] Pursuant to ROH § 21-1.40 (1990), "[a]ppeals [must] be filed within 30 days of the mailing or service" of an "[a]ction of the director" as defined by the Rules of the Zoning Board of Appeals (**ZBA Rules**) § 21-1 (1997).

as a matter of law, in granting DPP's motion to dismiss with respect to the December 1, 2020 Letter.

. . . .

7. Accordingly, insofar as [Petitioners] appealed NOO No. 2020/NOO-146, their appeal was untimely and the ZBA correctly granted DPP's motion to dismiss. However, insofar as the [Petitioners] appealed the December 1, 2020 Letter, the ZBA erred as a matter of law in concluding that it did not have jurisdiction to hear that appeal.

This appeal followed. Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we address the DPP's points of error as follows:

On appeal, the DPP contends, inter alia, that "[t]he [c]ircuit [c]ourt erred when it concluded that the ZBA had jurisdiction to hear an appeal of the December 1st Letter."[6] "Review of a decision made by the circuit court upon its review of an agency's decision is a secondary appeal," in which we "must determine whether the circuit court was right or wrong in its decision, applying the standards set forth in HRS § 91-14(g)[(2012)] to the agency's decision."[7] Flores v. Bd. of Land

_____

[6] The parties do not challenge the circuit court's finding that the Petitioners' ZBA appeal of the NOO was not taken within the 30-day appeal period, and was therefore untimely pursuant to ROH § 21-1.40.

[7] HRS § 91-14(g) instructs,

Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the

(continued . . .)

& Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018)

(citation omitted).

The ZBA's jurisdiction is established pursuant to

Revised Charter of the City and County of Honolulu 1973 § 6-1516

(Amended 2017 Edition), which states in relevant part:

> The [ZBA] shall hear and determine appeals from the actions of the director in the administration of the zoning ordinances, including variances therefrom, subdivision ordinances and any rules and regulations adopted pursuant to either.

The term "[a]ction of the director" is defined, by ZBA Rules

§ 21-1, as one of the following expressly enumerated actions,

> [A] decision rendered on an application pursuant to the Land Use Ordinance or the Subdivision Ordinance; a decision rendered on a request for a zoning variance; a decision rendered on a petition for declaratory ruling; a decision rendered on a request for reconsideration, pursuant to part 1, chapter 4, Rules of Practice and Procedures of the department of land utilization; and **an enforcement order pursuant to section 8.60-2 of the Land Use Ordinance**.

(Emphasis added.)

---

[7](. . .continued)
administrative findings, conclusions, decisions, or orders are:

> (1) In violation of constitutional or statutory provisions; or
> (2) In excess of the statutory authority or jurisdiction of the agency; or
> (3) Made upon unlawful procedure; or
> (4) Affected by other error of law; or
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On this record, we determine that the circuit court was wrong in concluding that the ZBA had jurisdiction over the Petitioners' appeal of the Letter.  The Letter states, in relevant part,

> SUBJECT: Notice of Order (NOO) No. 2020/NOO-146
> Notice of Violation (NOV) No. 2020/NOV-03-133
> Outstanding Fine
>
> . . . .
>
> The inspector has determined that the subject NOV was corrected on September 21, 2020, when a follow-up search revealed that the advertisements associated with the website were removed.  Although the violation was resolved, daily fines in the amount of $117,000 (117 days at $1,000/day) are due and owing.
>
> Please make your check, with the NOO number noted on it, payable to the City and County of Honolulu. . . .
>
> . . . .
>
> If you do not respond within 30 days from the date of this letter, we will place the amount of the fine ($117,000) as an administrative lien on the property with foreclosure on the lien as an option for collection of the civil fine.

The Letter, by its plain terms, was not an "enforcement order" or any other "[a]ction of the director" as defined by ZBA Rules § 21-1.  The director's "actions" were taken, pursuant to ROH § 21-2.150-2 (1990),[8] through its issuance

---

[8]     ROH § 21-2.150-2 was amended in 2022 and 2024.  The language of ROH § 21-2.150-2 that was in effect at the time of the NOV and NOO's issuance, stated in pertinent part:

> (a) In lieu of or in addition to enforcement pursuant to Section 21-2.150-1, if the director determines that any person is violating any provision of this chapter, any rule adopted thereunder or any permit issued pursuant thereto, the director may have the person served . . . with a written notice of violation and order pursuant to this section. . . .

(continued . . .)

of the NOV and NOO.  The NOV informed the Petitioners of the ROH § 21-5.730(d)(2)(D) violation, and ordered the Petitioners to remedy their violation by ceasing to advertise their transient vacation unit within seven days upon receiving the NOV.  The NOO provided the Petitioners with notice of the $1,000 per day fine, and stated that this fine would continue to accrue until the violation was corrected.

---

[8](. . .continued)

> (b) Contents of the Notice of Violation.  The notice must include at least the following information:
>    (1) Date of the notice;
>    (2) The name and address of the person noticed;
>    (3) The section number of the provision or rule, or the number of the permit that has been violated;
>    (4) The nature of the violation; and
>    (5) The location and time of the violation.
> (c) Contents of Order.
>    (1) The order may require the person to do any or all of the following:
>      (A) Cease and desist from the violation;
>      (B) Correct the violation at the person's own expense before a date specified in the order;
>      (C) Pay a civil fine not to exceed $1,000 in the manner, at the place and before the date specified in the order; and
>      (D) Pay a civil fine not to exceed $5,000 per day for each day in which the violation persists beyond the date specified in paragraph (C), in the manner and at the time and place specified in the order.
>    . . . .
>
>    (3) The order must advise the person that the order will become final 30 days after the date of its mailing or delivery.  The order must also advise that the director's action may be appealed to the [ZBA].
> (d) Effect of Order—Right to Appeal.  The provisions of the order issued by the director under this section will become final 30 days after the date of the mailing or delivery of the order.  The person may appeal the order to the [ZBA] as provided in Charter Section 6-1516. However, an appeal to the [ZBA] will not stay any provision of the order.

ROH § 21-2.150-2(e) (1990) instructs that a NOO may be judicially enforced through a civil action: "The director may institute a civil action in any court of competent jurisdiction for the enforcement of any order issued pursuant to this section." (Emphasis added.) The Letter informed the Petitioners that failure to respond to the Letter within thirty days could result in a civil action for imposition of an administrative lien on the property and a foreclosure action on the lien. The Letter thus notified the Petitioners that the DPP could initiate an enforcement action in thirty days, pursuant to ROH § 21-2.150-2(e), "in any court of competent jurisdiction"; the Letter did not itself constitute an enforcement action.

Hoku Lele, LLC v. City and County of Honolulu, 129 Hawai'i 164, 296 P.3d 1072 (App. 2013), is instructive. In Hoku Lele, this court explained that,

> By expanding its definition of "actions of the director," the ZBA Rules could have granted the ZBA the power to review a broader range of the director's functions, such as the director's issuance of responses to zoning verification requests. Instead, however, **the ZBA Rules expressly limit its jurisdiction to deciding appeals from four specifically enumerated actions, none of which apply to the director's letters in this case.**

Id. at 169, 296 P.3d at 1077 (emphasis added).

For the foregoing reasons, we conclude on this secondary appeal that the circuit court erred in vacating the ZBA's dismissal of the Petitioners' appeal for lack of jurisdiction. We therefore reverse the circuit court's Order

11

and Judgment, and affirm the ZBA's November 19, 2021 "Findings of Fact, Conclusions of Law, and Decision and Order."

DATED: Honolulu, Hawaiʻi, May 20, 2025.

On the briefs:

John E. Dubiel and
Brad T. Saito,
Deputies Corporation Counsel
for Respondent/Appellee-
Appellant.

John Rapp,
for Petitioners/Appellants-
Appellees.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge